FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 21  P 3: 49

<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND</u>

| | | |
|---|---|---|
| HALE TRUCKS OF MARYLAND, LLC | * | Civil Action CCB-00-2028 |
| | * | |
| Plaintiff | * | |
| | * | |
| -v- | * | |
| | * | |
| VOLVO TRUCKS NORTH AMERICAN AND EDWARD BROWN | * | |
| | * | |
| Defendant | * | |

\* \* \* \*

## <u>ORDER</u>

Now before the Court is an amended bill of costs submitted by defendant Edward H. Brown seeking the award of fees pursuant to FED R. CIV. P. 54(d)(1). On September 22, 2002, the defendant filed an unopposed bill of costs in the amount of $2,199.33 for: fees of the Clerk; fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; fees and disbursements for printing; and other costs including telecopy, postage, mailing fees and binding motions. (Docket No. 77). However, the defendant failed to submit any documentation in support of the claim. <u>See</u> Local Rule 109.1(b)(D. Md. 2001). Consequently, the bill of costs was denied by the Clerk of the Court due to lack of proper documentation. (Docket No. 79). On October 24, 2002, Edward Brown submitted an amended bill of costs for judicial review. (Docket No. 80). My rulings follow.

As an initial matter, the court notes that the only documentation supplied in the amended bill of costs is a four-page photocopy bearing the heading "Billed and Unbilled Recap of Cost Detail-...Hale Truck Centers v. Volvo." (Docket No. 80). It appears defendant's counsel has

submitted a copy of his firm's internal billing records unaccompanied by any other invoices, receipts, or other explanation. According to the local rules of this court, the bill of costs "shall be... accompanied by a memorandum setting forth the grounds and authorities supporting the request. Any vouchers or bills supporting the cost being requested shall be attached as exhibits." See Local Rule 109.1(b)(D. Md. 2001). For additional guidance, the defendant has been directed to Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland. (Clerk of the Court, D. Md 2002).

Filing Fees

Plaintiff requests $50.00 for fees of the clerk. According to court records, a filing fee of $150.00 was paid to the Clerk of the Court. (Docket No. 1). Pursuant to 28 U.S.C §1920(1), filing fees paid to the clerk may be recovered. Accordingly, the $50.00 filing fee requested is fully recoverable.[1]

Deposition Costs

A successful civil litigant is entitled to the cost of deposition transcripts when those transcripts were reasonably necessary for use in a case. See 28 U.S.C. §1920(2); FED. R CIV. P. 54(d); LaVay Corp. v. Dominion Fed. Savings & Loan, 830 F.2d 522, 528 (4th Cir. 1987); Charter Med. Corp. v. Cardin, 127 F.R.D. 111, 113-114 (D. Md. 1989); Advance Business Systems and Supply Co. v. SCM Corp., 287 F. Supp. 143, 165 (D.Md. 1968), aff'd, 415 F.2d 55

---

[1] The amended bill of costs also shows a $50.00 filing fee was paid. Although the court is not identified, payment was presumably made in the Circuit Court for Baltimore County where this case was originally filed. (Docket Nos. 1-5)

2

(4th Cir. 1969). In this case, the defendant claims $986.76 for transcripts. The transcripts are identified only by three, somewhat cryptic handwritten notes on the "Billed and Unbilled Recap of Cost Detail," with no explanation of their significance to the case. Further, it is impossible to discern the number of pages for which reimbursement is claimed or at what rate the pages are charged. See Local Rule 109.1(b). As a result, these costs will be denied.

Fees and Disbursements for Printing

The defendant is claiming $997.80 for printing fees. Copying fees are recoverable if the papers were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Fees to duplicate documents used at trial and copies furnished to the court and opposing counsel are recoverable. See Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129, 138-139 (E.D. Va. 1991); Charter Med. Corp., 127 F.R.D. at 114. Copies made solely for the convenience of counsel are not ordinarily allowed. See Thomas v. Treasury Management Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994). The amended bill of costs neither identifies the nature of the documents, nor the purpose for which they were duplicated. Given the dearth of information submitted, it is impossible to determine whether these copies were made for reimbursable purposes. Additionally, whereas the defendant claims payment at the rate of $.20 per page, photocopy costs are generally taxed at the lesser of the actual cost or $.15 per page in this district. See Taxation of Costs, supra, at 2. Due to lack of proper documentation, this charge will be denied.

Miscellaneous Costs

Lastly, the defendant seeks $164.77 for telecopy, postage, mailing fees, and binding motions without explanation. It appears these charges are for overhead. As such, they are not

3

recoverable under 28 U.S.C. §1920.

In summary, the defendant may recover costs in the amount of $50.00. The parties are reminded that in this district once the court has ruled on a motion for review, the costs should be paid directly to the prevailing party. Costs are not processed through the Office of the Clerk. To record the fact of payment, a party may file a satisfaction of judgment for costs. See <u>Taxation of Costs,</u> <u>supra</u> at 2.

Accordingly, it is this 21 day of January, 2003, hereby ORDERED:

1) That costs are awarded to defendant Edward H. Brown in the amount of $50.00; and

2) That the Clerk of the Court SEND copies of this ORDER to all counsel of record.

_____
Catherine C. Blake
United States District Judge